JOHN W. JASPER, Plaintiff and Appellant, *v.* ARTHUR H. HAZEN, Defendant and Respondent.

**1. Costs in Supreme Court—How Taxed.**

An appeal from the taxation of costs by the clerk of the supreme court will not be considered, as the rule of the court prescribes that costs of said court, in cases originating in a lower court, shall be taxed below after *remittitur* sent down.

(Opinion Filed, May 12, 1890.)

*M*OTION to retax costs in supreme court.

Messrs. *Greene & Hildreth,* for appellant; *A. C. Davis,* for respondent. No briefs filed.

WALLIN, J. This is an attempted appeal from the taxation of costs herein as made on April 22, 1890, by the clerk of this court. The appeal will not be considered. In the opinion of this court existing statutes contemplate that in cases originating in courts below all costs and disbursements shall be taxed in the lower court; and that it will facilitate the due administration of the law to require suitors in cases coming to this court for review to tax the costs of this court below after the *remittitur* has gone down. The rules adopted by the late supreme court of Dakota territory, which permitted the clerk of that court to tax costs, are abrogated by a rule of this court made at the present term, which is as follows: "Ordered, that the rules of the late supreme court of Dakota territory be, and the same are, annulled and set aside so far as such rules require or permit the clerk of this court to tax and allow costs and disbursement in cases which originate in other courts and come to this court for review.

Hereafter the costs and disbursements of this court, in such cases, shall be taxed in the court below after the *remittitur* is sent down to such court. This order is to apply to actions now pending in this court, as well as to future cases." For the reasons above given, we expressly refrain from passing upon any of the questions presented in the appeal papers. It is proper to say, perhaps, that the present members of this court are of the opinion that the item of $118 should be allowed, and that the item af $4.90, for filing abstracts and briefs, should be reduced to the amount allowed for filing nine abstracts and nine briefs on each side, or to twenty-seven, all told. We are of the opinion that the item of $47.30 should be disallowed. In the absence of a special order directing the clerk to send up a transcript, the original papers should have been transmitted to this court. Under § 5217 of the Comp. Laws, the statute, except in cases where a special order is made, abrogates the rule of court requiring the clerk of the district court to send up transcripts in all cases. All concur.